(Attorneys not given.)

---

No. 457

GETZ v. WILKINS-LEONARD CO.

Ohio Appeals, 7th Dist., Mahoning Co.
March 14, 1924

297. CONTRACTS—Contract to perform draying and hauing held to be of a personal nature terminating with the death of the contracting party.

ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Mahoning Common Pleas wherein Daisy Getz, as administratrix of her deceased husband, James Getz, was plaintiff and the Wilkins-Leonard Hardware Co. was defendant. Getz had, two years before, entered into a written contract with the Hardware Co. to do the hauling and draying for the company. After the death of James, his wife as administratrix offered to and demanded the right of proceeding with the performance of the contract. The company refused to permit her to continue its performance and she brought this action for damages. After the jury was impanelled and before the introduction of any evidence, on motion the Common Pleas directed a verdict for the Hardware Co. She prosecuted error.

The Court of Appeals held the contract to be one of a personal nature. Otherwise the company would be deprived of the right to determine who its employe might be. He may have been selected because of his known efficiency and experience. The contract provided that he should be wholly responsible for the losses. The company cannot be compelled to depend upon the responsibility of some other person. Furthermore, under the law of Ohio, there would be no liability on the part of the estate in the carrying on of the business after the death of the decedent. An executor or administrator is not permitted to carry on the business of a decedent without an express order of the Probate Court. The petitioner did not set forth a cause of action and the action of the Common Pleas in directing a verdict is affirmed.

Attorneys—Kenealey & Metcalf, for Getz; McKain & Ohl, for Hardware Co.; all of Youngstown.

No. 458

MASTERS & MULLEN CO. vs. BOARD OF EDUCATION

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4935. Decided March 3, 1924

297. CONTRACTS—Waiver held to exist under terms of contract, as to right to sue.

For Pending Case, Supreme Court, see 2 Abs. 277.

MIDDLETON, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by the Construction Company against the Board of Education for damages for breach of contract. The Construction Company claimed that delay in the work was due to the fault of the Board of Education. The Board of Education in its second defense set up a certain provision of the contract which provided: "Claims by the party of the first part for dameges, by reason of any delay on the part of the Board or its agents, will not be allowed, and any such delay shall work a corresponding extension of the time for the completion of the contract." The Construction Company claimed that the clause was inconsistent with other clauses of the contract and was without consideration. The judgment was rendered for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Under the provisions of this contract the plaintiff expressly waived its right to sue and recover damages for any delay.

Attorneys—Griswold, Greene, Palmer & Hadden, for Construction Company; Carl Shuler, for Board of Education; all of Cleveland.