### ROSS v ELYRIA (City)

Ohio Appeals, 9th Dist, Lorain Co.

No. 928.   Decided June 2, 1939.

Stetson & Butler, Elyria, for appellant.

H C. Cheney, City Solicitor, Elyria, for appellee.

McCURDY, J. (4th Dist.), sitting by designation.

## OPINION

PER CURIAM:

This is an appeal on questions of law from the Common Pleas Court of Lorain County.

The appellant filed suit in the Court of Common Pleas seeking judgment against the City of Elyria for damages alleged to have been sustained as the result of the breach of a contract entered into between the said appellant and the said city. The claimed breach of contract was caused by the inability of the City of Elyria to pay for work under terms of a contract, due to a restriction of withdrawal of its funds in an Elyria bank occasioned by the so-called "bank holiday" of 1933.

It appears that the appellant had contracted with the city to erect a certain building, and that the starting of the work was delayed for a period of months due to the city's inability to pay, for the reasons above stated.

In the contract upon which this suit is bottomed appears the following language:

"Suspension of Work.

"Sec. G.28. The city reserves the right to suspend the whole or any part of the work to be done hereunder, if they shall deem it for the best interest of the city to do so, without compensation to the contractor, for such suspension other than extending the time for completing the work as much as it may have been delayed by such suspension."

"Contractor's Claim for Damage.

"Sec. G.19. If the contractor shall claim compensation for any damage sustained by reason of the acts of the city or its agents, he shall, within seven (7) days after the sustaining of such damage, make a written statement to the engineer of the nature of the damage sustained. On or before the fifteenth day of the month subsequent to that in which any such damage shall have been sustained, the contractor shall file with the engineer an itemized statement of the details and the amount of such damage, and unless such statement is made as thus required, his claim for compensation shall be forfeited and invalidated, and he shall not be entitled to payment on account of any such damage."

This court is of the opinion that the evidence, including the contract, the pertinent parts of which are quoted above, fully justified the trial judge who tried the case without a jury, in finding as he did that there was no breach of the contract on the part of the city giving rise to a cause of action for damages, and in rendering judgment for the defendant.

See Wells Bros. Co. v United States, 254 U. S. 83, and The Masters & Mullen Const. Co. v The Board of Education, etc., No. 4935, Cuyahoga County, 31 Unreported Opinions of Eighth Dist. 258, (2 Abs 472), opinion by Middleton, J., of the Fourth Dist. Court of Appeals, sitting by designation.

Judgment affirmed.

WASHBURN, PJ., DOYLE, J. and McCURDY, J., concur.